## Isaac Danforth *versus* Amos M. Roberts & *al.*

Although where the result will determine only which creditor of the witness will be paid, he is competent; yet where, if the party calling him shall prevail, his debt to his creditor will be paid, but if the opposing party prevail the debt to the creditor will remain unpaid, and the witness will have a claim to the same amount against an insolvent man, the interest is not balanced and he will not be a competent witness.

Where an equity of redemption is attached, the debtor may lawfully remain passive, and suffer the mortgage to become foreclosed, and may even persuade another creditor to take his interest as security, and assign it to him, and if such other creditor should so take it such arrangement is not a fraud upon the attaching creditor, although the assignee knew of the existence of the attachment.

Nor is it a fraud upon the attaching creditor, if the assignee make an agreement with the mortgagee, that the latter shall hold the mortgage until the time for redemption has expired, and then convey the land to the assignee on being paid by him the amount secured by the mortgage.

If the statement of the mortgagee to the mortgagor, made one month prior to the time when an entry to foreclose the mortgage would become perfected, that "he would give him some time, but that he must not wait long, as he might take advantage of the mortgage," be binding on a grantee or assignee of the mortgagee without notice of such statement, yet the right of redemption no longer remains, where five years have expired, and no payment, or offer of payment, has been made to the mortgagee or his assignee.

If the grantee of the mortgagee, is proved to have been in possession of some land not included in the mortgage, to which the plaintiff in equity shows a title, the bill cannot be supported thereby, because the plaintiff has a full and adequate remedy at law.

Bill in equity. The plaintiff claimed title to a tract of land by virtue of a levy thereon as the property of B. Garland, made July 2d, 1836, on an execution in his favor against Garland, the same having been attached on Jan. 26, 1836, and the levy having been made seasonably to preserve the attachment. The bill, among other things, alleged, that prior to the attachment Garland had mortgaged the land in controversy to Dwinel to secure the payment of $960,16 ; that Dwinel assigned this mortgage to Nathaniel Treat, July 9, 1832 ; that on Oct. 25, 1832, Treat entered to foreclose the mortgage ; that on Sept. 24, 1835, Garland paid Treat about $700 more, leaving then due on the mortgage about $160, and that Gar-

land then " obtained from Treat an extension of the time of redemption, Treat promising to take no advantage of lapse of time, if the balance was paid soon;" that on Oct. 27, 1835, Garland paid the balance, whereby the equity attached was taken away by the act of Garland, and the estate became one in fee simple, whereon the plaintiff levied, making no deduction for any mortgage ; that Garland was insolvent Jan. 25, 1835, and has so continued since ; and that Roberts had entered into possession of the land under a pretended title under that mortgage.

There was a sale for taxes to Carleton, the other defendant, and a combination between the defendants to defraud the plaintiff by means thereof, charged in the bill.

The answer of Roberts alleged, that Treat legally entered to foreclose the mortgage at the time mentioned in the bill ; that the sum of 160 dollars remained due until after the foreclosure of the mortgage, and has never yet been paid for the purpose of discharging the mortgage, and has never been paid by Garland ; that Greely was a creditor of Garland on account of having been compelled to pay money as his surety, and that Garland was indebted in a large amount, much exceeding the value of the land, to Greely and his partner, French ; that Garland, finding himself unable to redeem the land, assigned his right to Greely to secure him and his partner, French ; that Greely, by advice of counsel, made an arrangement with Treat, whereby it was agreed, that Treat should retain the property in his hands until the right to redeem the mortgage had expired, and should then convey to Greely on being paid the sum due on the mortgage ; that after the right had expired, Greely paid with his own funds that amount to Treat, and took a conveyance of the land from him ; that the defendant knew nothing of the attachment or levy of Danforth until Sept. 1837 ; that on Jan. 1, 1836, Farley, a creditor of Greely, attached the land, recovered judgment, and within thirty days, on Oct. 2, 1837, duly levied his execution on the premises as the property of Greely ; and that Roberts had acquired the title of Farley.

It was contended, that Roberts was in possession of a small portion of the premises, covered by the plaintiff's levy, and not by the mortgage.

The depositions of Greely, French, and Garland, were introduced by the defendants, and objected to by the plaintiff. The defendants objected to the admission of Treat's deposition, introduced by the plaintiff.

*Hobbs* was for the plaintiff, and in his argument cited 8 Mass. R. 554; 5 Pick. 240; 11 Pick. 297; 14 Pick. 328; 15 Pick. 82; 9 Ves. 275; 2 Johns. Ch. R. 93; 2 Fairf. 9; 2 Ves. Jr. 84; 3 Ves. 22; 1 Johns. Ch. R. 594; 1 Rand's Powell on Mort. 380, 389; 3 Johns. Ch. R. 129; 1 Hilliard's Ab. 290; 3 Rand's Powell, 951; 1 Ball & B. 385; 5 Pick. 146; 1 Vern. 270; 6 Pick. 176; 11 Mass. R. 222; 16 Mass. R. 400; 1 Story's Eq. 88; Story's Eq. Pl. 268, 274, 678; 1 Sum. 507; 1 Paige, 461.

*Rogers* and *Moody* argued for the defendants, citing 1 Story's Eq. 75, 396, 397; 1 Johns. Ch. R. 213, 288; 18 Johns. R. 543; 7 Johns. Ch. R. 65; 4 Johns. Ch. R. 497; ib. 566; 1 Johns. Ch. R. 131, 333, 370; 2 Johns. Ch. R. 585, 630; 17 Mass. R. 419.

The opinion of the Court was by

WESTON C. J. — David Greely must be regarded as an interested witness; and his testimony cannot be legally admitted. If the defendants' title prevails, his debt to his creditor, Farley, is paid; if it does not prevail, his debt remains unpaid. This is not balanced, by a revival thereby of his claim against Garland, an insolvent man. Greely held for himself and in trust for his partner, French. We are not therefore satisfied, that the deposition of French can be received to sustain that title; although his interest is not so clear and direct as that of Greely. Garland, we doubt not, is a competent witness for the defendants. The result as to him will determine only which creditor shall be paid.

The title is in the defendant, Roberts, unless it has been made to appear, that the mortgage given by Garland has been

discharged. This is denied by the answer; and the question is, whether this denial is countervailed by the proof, adduced by the plaintiff. From the deposition of Treat, he appears to have understood, that he received the balance due him, as payment of the mortgage in behalf of Garland. His conveyance by deed to Greely within a few days, would seem to give the transaction a different character.

That Garland intended the title should pass to Greely, and that the latter so understood it, Garland positively testifies; and there is nothing in his first deposition, put into the case by the counsel for the plaintiff, if that is admissible, which contradicts this fact. The principal conflict between the two depositions, arises from the uncertainty in the mind of the witness, whether when the arrangement between himself, Greely and Treat was made, he knew of the existence of the attachment by the plaintiff, or whether, if so, when he previously consulted counsel, that fact was taken into consideration. In the first deposition, he appears finally to settle down upon the fact, that he did know of the attachment.

We are not satisfied, that this conflict renders Garland unworthy of credit. The mortgagee, Treat, had taken possession for the purpose of foreclosure. Garland was under no obligation to redeem, or to keep the mortgage open, by obtaining an extension of time, for the benefit of the plaintiff. He might lawfully remain passive, and suffer the foreclosure to be consummated. If he procured Treat to convey to Greely, it placed the plaintiff, as creditor, in no worse situation, than if the equity had expired while the estate was in the hands of Treat. This movement had no tendency to injure the plaintiff. So long as Garland did nothing affirmatively to impair his rights, he was at liberty to persuade Greely to take the estate. Nor did the arrangement become fraudulent, by any agreement on his part to accept it as security for any debt due from Garland, or for any liability on his part. Treat is not sustained, but contradicted by Garland. Taking that in connexion with the evidence, arising from the deed executed by Treat, perhaps it would not be too much to say, that the weight of the testimo-

ny rather is, that the mortgage was not intended to be discharged; but certain it is, that there is not proof enough, that it was so intended, to countervail the answer.

If the mortgage is not proved to be paid and discharged, it is insisted, that it should not be regarded as foreclosed, but as still subsisting; and that the plaintiff, as a levying creditor, ought to be let in to redeem; and he moves for leave to amend his bill, if necessary, to make this right available. The foreclosure attached on the twenty-fifth of October, 1835, unless it was waived, or continued open by an extension of time. There is no evidence, that Treat waived the foreclosure. As to an enlargement of time, he deposes, that he told Garland he would give him some time, but he must not wait long, as he might take advantage of the mortgage.

Assuming that this intimation is binding upon the defendant, Roberts, it was made more than five years ago, and the plaintiff offers no proof of tender, or of payment, other than what has been before considered. Giving the intimation its most extended construction, the enlarged time has long since expired. If the superior knowledge of Garland and Greely has given the latter, and those who claim under him, an advantage over the plaintiff, it resulted from the foreclosure, which was in a train for consummation, and which they were not bound to arrest for his benefit. French and Greely had fair claims upon Garland, for payment and indemnity. The legal title has gone to Greely to secure or satisfy them; and we perceive no superior equity in the plaintiff, by which it can or ought to be disturbed.

Having thus disposed of the main question, if the defendant, Roberts, is in possession of any strip or passage way not embraced by the mortgage, the plaintiff has for this a full and adequate remedy at law, to which he must be referred.

*Bill dismissed.*